UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHIRLEY BEER,

           Plaintiff,

v.

NANCY A. BERRYHILL,

           Defendant.

Case No. C18-5355JLR

**ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS**

Shirley Beer, filing on behalf of Douglas Lewis, deceased, seeks to proceed *in forma pauperis* for an action seeking judicial review of the administrative decision denying Mr. Lewis's application for Social Security benefits. (IFP Mot.) (Dkt. #1).) For the reasons discussed below, the court DENIES Ms. Beer's application to proceed *in forma pauperis* (Dkt. #1).

The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigence. 28 U.S.C. § 1915(a). "To qualify for *in forma pauperis* status, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims he or she seeks to pursue are not frivolous." *Ogunsalu v. Nair*, 117 F. App'x 522, 523 (9th Cir. 2004), *cert. denied*, 544 U.S. 1051 (2005). To meet the first prong of this test, a litigant must show that he or she "cannot because of his

ORDER DENYING APPLICATION TO
PROCEED IN FORMA PAUPERIS - 1

[or her] poverty pay or give security for the costs and still be able to provide himself [or herself] and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal alterations omitted).

Ms. Beer has not shown that she is unable to pay the full filing fee to proceed with this lawsuit. Ms. Beer states that she has monthly expenses of $2,571.00 and no dependents. (Dkt. #1 at 2.) She states that she has $40.00 in cash on hand, and $100.00 in a checking account. *Id.* Ms. Beer also attests in her affidavit that in the past 12 months, she received $41,624.00 in "[p]ensions, annuities or life insurance payments." (*Id.* at 1.) While the form is ambiguous as to whether this was a one-time payout or an amount Ms. Beer receives on an annual basis, Ms. Beer's other statements indicate the most likely interpretation is that this is an annual pension benefit. Where the form asks Ms. Beer to "[p]rovide any other information that will help explain why you cannot pay court fees and costs," Ms. Beer states that she lives on retirement. (*Id.*) That response would mean Ms. Beer receives approximately $3,469.00 per month in retirement, which would leave her with roughly $869.00 per month after expenses. Under the circumstances, the court finds Ms. Beer has failed to demonstrate that she "cannot because of [her] poverty pay or give security for the costs and still be able to provide [herself] and dependents with the necessities of life." *See Adkins*, 335 U.S. at 339 (internal alterations omitted). Should additional information or clarification alter the situation, Ms. Beer may reapply to proceed *in forma pauperis*.

Accordingly, Ms. Beer's application to proceed *in forma pauperis* is DENIED WITHOUT PREJUDICE. Ms. Beer has 30 days from the date of this order to pay the

full $400.00 filing fee or reapply to proceed *in forma pauperis*. If the filing fee or a new application is not received within 30 days, the clerk's office is instructed to dismiss this action WITHOUT PREJUDICE.

DATED this 9th day of May, 2018.

JAMES L. ROBART
United States District Judge