UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHIRLEY B.,<br><br>                   Plaintiff,<br><br>        v.<br><br>NANCY A. BERRYHILL,<br><br>                 Defendant. | Case No. C18-5355JLR<br><br>ORDER REVERSING AND REMANDING DENIAL OF BENEFITS |

## I.    INTRODUCTION

Plaintiff Shirley B. ("Plaintiff"), on behalf of Douglas L. ("Claimant"),[1] seeks review of the denial of an application for disability insurance benefits. (*See* Pl. Op. Br. (Dkt. # 11) at 2.) Plaintiff contends that the Administrative Law Judge ("ALJ") erred by: (1) improperly rejecting Claimant's testimony; and (2) improperly rejecting the opinions of Claimant's treating physician, Roxanne Ho, M.D. (*See id.*). As discussed below, the court REVERSES the final decision of Defendant Nancy A. Berryhill, Deputy Commissioner of the Social Security Administration for Operations ("Commissioner"),

---

[1] Claimant died while his claim was pending before the Social Security Administration. (*See* Exh. A to Pl. Op. Br. (Dkt. # 11-1).) Plaintiff is Claimant's mother (*see id.*), and brought this action pursuant to 20 C.F.R. § 404.503(b)(3). (*See* Compl. (Dkt. # 3) ¶ 4.)

and REMANDS the matter for further proceedings under sentence four of 42 U.S.C.

§ 405(g).

## II.    THE ALJ'S DECISION

Utilizing the five-step disability evaluation process, 20 C.F.R. § 404.1520, the ALJ found:

> **Step one:**  Claimant did not engage in substantial gainful activity from August 28, 2015, the amended alleged onset date, through December 31, 2015, the date last insured.  *See* 20 C.F.R. §§ 404.1571-76.

> **Step two:**  Through the date last insured, Claimant had the following severe impairments:  left shoulder degenerative joint disease; status post right foot surgery; diabetic neuropathy; and diabetic retinopathy.  *See* 20 C.F.R. § 404.1520(c).

> **Step three:**  Through the date last insured, Claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *See* 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526.

> **Residual Functional Capacity:**  Through the date last insured, Claimant had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), with the following exceptions.  He could lift and/or carry 20 pounds occasionally and 10 pounds frequently.  He could stand and/or walk for four hours and sit for six hours in an eight-hour work day.  He could occasionally climb ladders, ropes, scaffolds, ramps, or stairs.  He could occasionally crawl and balance.  He could occasionally reach overhead with the non-dominant left arm.  He could frequently, but not continuously, read on the job.  He could frequently, but not continuously, use effective visual acuity on the job.

> **Step four:**  Through the date last insured, Claimant could not perform any past relevant work.  *See* 20 C.F.R. § 404.1565.

> **Step five:**  Considering Claimant's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Claimant could perform.  *See* 20 C.F.R. §§ 404.1569, 404.1569(a).

(Admin. Record ("AR") (Dkt. # 8) at 18-32.)  Based on these findings, the ALJ found

that Claimant had not been under a disability, as defined by the Social Security Act, at any time between August 28, 2015, the amended alleged disability onset date, and December 31, 2015, the date last insured. (*Id.* at 32.) The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (*See id.* at 1-3.)

## III.   ANALYSIS

Claimants bear the burden of proving they are disabled within the meaning of the Social Security Act. *See Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). Pursuant to 42 U.S.C. § 405(g), the court may set aside a denial of social security benefits only when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Although the court is required to examine the entire record, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## A.   The ALJ Erred in Rejecting Claimant's Symptom Testimony

Plaintiff contends that the ALJ harmfully erred in evaluating Claimant's symptom testimony. (Pl. Op. Br. at 4-9.) The court agrees.

The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871

F.3d 664, 678 (9th Cir. 2017). The ALJ must first determine whether the claimant has presented objective medical evidence of an impairment that "'could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014)). At this stage, the claimant need only show that the impairment could reasonably have caused some degree of the symptoms; he does not have to show that the impairment could reasonably be expected to cause the severity of the symptoms alleged. *Id.* The ALJ found that Claimant met this step because his medically determinable impairments could reasonably be expected to cause some of the symptoms he alleged. (AR at 23.)

If the claimant satisfies the first step, and there is no evidence of malingering, the ALJ may only reject the claimant's testimony "'by offering specific, clear and convincing reasons for doing so. This is not an easy requirement to meet.'" *Trevizo*, 871 F.3d at 678 (quoting *Garrison*, 759 F.3d at 1014-15). In evaluating the ALJ's determination at this step, the court may not substitute its judgment for that of the ALJ. *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989). As long as the ALJ's decision is supported by substantial evidence, it should stand, even if some of the ALJ's reasons for discrediting a claimant's testimony fail. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

Here, the ALJ, finding no evidence of malingering, rejected Claimant's testimony. (AR at 23.) The ALJ gave two reasons for this determination: (1) Claimant's symptom testimony was inconsistent with his treatment records and the medical evidence; and (2) Claimant's symptom testimony was inconsistent with his daily activities. (*See id.*)

1.    The ALJ Erred in Rejecting Claimant's Symptom Testimony as
       Inconsistent with the Medical Evidence

The ALJ first discounted Claimant's testimony because he determined that

Claimant's statements about the intensity and persistence of his symptoms were

inconsistent with the treatment record.  (*See id.* at 23.)  To support this finding, the ALJ

summarized much of the medical evidence and concluded that Claimant's primary

conditions either improved or stabilized to the point that Claimant was capable of light

work with the additional restrictions identified in the RFC.  (*See id.* at 23-28.)

The problem here is that the ALJ never actually linked his summary of the medical

evidence to Claimant's testimony.  "[A]n ALJ does not provide specific, clear, and

convincing reasons for rejecting a claimant's testimony by simply reciting the medical

evidence in support of his or her residual functional capacity determination."  *Brown v.

Hunter-Colvin*, 806 F.3d 487, 488 (9th Cir. 2015).  Instead, the ALJ must "specify which

testimony [he] finds not credible, and then provide clear and convincing reasons,

supported by evidence in the record, to support that credibility determination."  *Id.*

The ALJ did exactly what the Ninth Circuit ruled ALJs may not do:  He listed a

number of medical findings and concluded that this evidence supported the RFC, but did

not identify what aspects of Claimant's testimony he disbelieved, or how the medical

findings contradicted that testimony.  (*See* AR at 23-28.)  The only time the ALJ directly

linked his discussion to Claimant's testimony was when he agreed with that testimony.

(*See id.* at 23.)  The ALJ's discussion was insufficient, and he thus erred in rejecting

Claimant's symptom testimony as inconsistent with the medical evidence.

2.    The ALJ Erred in Rejecting Claimant's Symptom Testimony as
Inconsistent with Claimant's Daily Activities

The ALJ next discounted Claimant's testimony because he found it inconsistent with Claimant's actual functioning as demonstrated by his daily activities. (*See id.* at 28.) Much like his treatment of the medical evidence, the ALJ listed Claimant's daily activities, but failed to link them in any meaningful way to Claimant's testimony. An ALJ may consider a claimant's daily activities in assessing his testimony. *See Fair*, 885 F.2d at 603. But the court will not "take a general finding—an unspecified conflict between [a] [c]laimant's testimony about daily activities and [his] reports to doctors—and comb the administrative record to find specific conflicts." *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014). Rather, the ALJ must identify specific inconsistencies between a claimant's testimony and his daily activities in order to reasonably reject the testimony. *Id.*

The ALJ made two findings in support of his determination that Claimant's daily activities were inconsistent with his testimony, but neither withstands scrutiny. First, the ALJ stated that Claimant testified he "could stand/walk for four to five hours by the spring of 2016," suggesting that this aligned with the RFC, which limited Claimant to standing/walking for four hours in an eight-hour work day. (AR at 27.) This was not an accurate interpretation of Claimant's testimony. Claimant testified that he could stand for "maybe 20 minutes at a time" for a total of four to five hours "over the whole day." (*Id.* at 75.) But more importantly, the ALJ did not point out any contradiction here. (*See id.* at 28.) He simply restated—inaccurately—a portion of Claimant's testimony. (*Id.*)

Second, the ALJ noted that Claimant performed activities such as household chores and walking the dog. (*Id.* at 28.) Again, the ALJ did not adequately explain what parts of Claimant's testimony these activities contradicted. Claimant acknowledged that he performed household chores such as cleaning the dishes and vacuuming, but also testified that he did the chores in stages rather than for hours on end. (*See id.* at 83-84.) The ALJ noted that Claimant was "ambulating well" when in fact the record on which the ALJ relied stated that Claimant was "ambulating well in a post-op shoe." (*Id.* at 28, 657.) The ALJ also noted that Claimant was walking his dog during the alleged disability period, citing to a note in which Claimant sought treatment for his knee after stepping on a rock while walking his dog. (*See id.* at 28, 971.) But the ALJ did not indicate what aspects of Claimant's testimony these records contradicted, and the court will not search the record to find a contradiction for the ALJ. *See Burrell*, 775 F.3d at 1138.

In sum, the ALJ erred because he failed to explain what aspects of Claimant's testimony he was rejecting, and how substantial evidence supported that rejection. *See Brown*, 806 F.3d at 488. The ALJ was permitted to interpret the evidence and determine Claimant's RFC, but he could not reject Claimant's symptom testimony without providing clear and convincing reasons for doing so. *See Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015).

**B.     The ALJ Erred in Rejecting the Opinions of Dr. Ho**

Plaintiff contends that the ALJ erred in rejecting the opinions of Claimant's treating physician, Dr. Ho. (Pl. Op. Br. at 9-13.) The court agrees.

ORDER - 7

An ALJ must provide clear and convincing reasons to reject the uncontradicted opinions of a treating physician.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)).  When the treating doctor's opinions are contradicted, the ALJ must provide "specific and legitimate reasons that are supported by substantial evidence in the record."  *Lester*, 81 F.3d at 830 (citing *Andrews*, 53 F.3d at 1042).  The ALJ can satisfy this requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

Dr. Ho was Claimant's treating physician.  (AR at 692.)  She produced two medical source statements that the ALJ considered.  (*Id.* at 28-29, 692-96, 1153-57.)  In June 2016, Dr. Ho opined that Claimant suffered from diabetes, among a number of other diagnoses, which was not under good control.  (*Id.* at 692.)  She opined that Claimant had significant walking, standing, sitting, lifting, postural, and reaching restrictions.  (*Id.* at 692-93.)  Dr. Ho also opined that Claimant suffered from anxiety and depression, which impacted his productivity and ability to maintain attendance at a job.  (*Id.* at 694.)

In January 2017, Dr. Ho signed a second medical source statement.  (*Id.* at 1153-57.)  Dr. Ho's opinions remained largely the same, with slightly less limiting postural restrictions, more limiting reaching restrictions, and new handling restrictions. (*See id.* at 1153-54.)

The ALJ gave Dr. Ho's opinions little weight.  (*Id.* at 29.)  He concluded that they

were: (1) inconsistent with the medical evidence; and (2) contradicted by Claimant's testimony regarding his functioning. (*Id.*)

1. The ALJ Erred in Discounting Dr. Ho's Opinions as Inconsistent with the Overall Medical Evidence

An ALJ may reject the opinions of a treating physician when they are inconsistent with the overall medical record. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). But the ALJ's interpretation of the record must be reasonable and supported by substantial evidence in the record. *See Thomas*, 278 F.3d at 954.

The ALJ found that Dr. Ho's opinions were "grossly inconsistent with the overall medical evidence of record during the relevant period." (AR at 29.) He rested this finding on three considerations. First, the ALJ criticized Dr. Ho's opinions because she "t[ook] into account physical and mental health conditions that were not diagnosed during the relevant period." (*Id.*) In particular, the ALJ noted that Claimant "did not endorse or receive treatment for a mental health condition during this period." (*Id.*) Setting aside the pitfalls of chastising a claimant for not seeking mental health treatment, *see Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996), the ALJ's conclusion says nothing about the legitimacy of Dr. Ho's opinions on Claimant's physical limitations, on which Plaintiff has largely focused. (*See* Pl. Op. Br. at 11-12.)

Second, the ALJ found that although Dr. Ho "routinely treated the claimant for his physical conditions," she "rarely perform[ed] actual physical examinations." (AR at 29.) This finding is meritless. As the ALJ acknowledged, Dr. Ho saw Claimant on a regular basis. (*See id.*) She did not need to perform a full physical examination every time she

saw Claimant to be able to give a medical opinion on his conditions. Dr. Ho no doubt evaluated Claimant's conditions during his appointments, and could reasonably form an opinion as to his abilities on that basis. *See* 20 C.F.R. § 404.1527(c)(2).

Third, the ALJ pointed out that some of Claimant's conditions improved or stabilized with treatment. (AR at 29.) Although there is some validity to this finding, it cannot overcome the ALJ's numerous other errors. *Cf. Burrell*, 775 F.3d at 1140 (holding that "one weak reason," even if supported by substantial evidence, "is insufficient to meet the 'specific, clear and convincing' standard" for rejecting a claimant's testimony) (quoting *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012)). The ALJ consequently erred in rejecting Dr. Ho's opinions as inconsistent with the overall medical evidence.

2.    The ALJ Erred in Rejecting Dr. Ho's Opinions as Inconsistent with Claimant's Testimony Regarding His Functioning

The ALJ further rejected Dr. Ho's opinions as inconsistent with Claimant's testimony regarding his level of functioning. (AR at 29.) But the ALJ provided no analysis or support for this contention. (*See id.*) The ALJ stated only that Claimant "provided testimony regarding his functioning during the relevant period that contradicts [Dr. Ho's] opinion." (*Id.*) This finding was too general to support rejection of Dr. Ho's opinions. *See Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199-200 (9th Cir. 2008). Again, it is not the court's task to search for inconsistencies in the record that support the ALJ's position. *See Burrell*, 775 F.3d at 1138. The ALJ needed to identify the inconsistencies between Claimant's testimony and Dr. Ho's opinions, and explain how

they justified rejecting Dr. Ho's opinions.  *See Ryan*, 528 F.3d at 1199-200.  The ALJ did not do so, and thus erred in rejecting Dr. Ho's opinions as inconsistent with Claimant's testimony.

Neither of the ALJ's reasons for rejecting Dr. Ho's opinions withstand scrutiny. He thus failed to provide specific and legitimate reasons for rejecting Dr. Ho's opinions, and consequently erred.  *See Lester*, 81 F.3d at 830.

## C.    Scope of Remand

Plaintiff asks the court to remand for an award of benefits.  (Pl. Op. Br. at 2.) Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule."  *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017).  The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits.  *Id.* at 1045.  First, the court must determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence.  *Id.* (citing *Garrison*, 759 F.3d at 1020).  Second, the court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful."  *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted).  If the first two steps are satisfied, the court must determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."  *Garrison*, 759 F.3d at 1020.  "Even if [the court]

reach[es] the third step and credits [the improperly rejected evidence] as true, it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

The appropriate remedy here is to remand for further proceedings. Although the first step of the Ninth Circuit's framework is met, the second is not. Cognizant of the fact that Claimant cannot give any further testimony due to his passing, the court nonetheless cannot resolve the ambiguities that remain in this matter. The court is not in a position to translate Claimant's testimony or Dr. Ho's opinions into an RFC. *See Rounds*, 807 F.3d at 1006. As a result, the court cannot determine whether Claimant was disabled under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4).

On remand, the ALJ must reassess Claimant's testimony and reevaluate Dr. Ho's opinions. The ALJ must reassess Claimant's RFC and findings at steps four and five, and conduct further proceedings as necessary to reevaluate the disability determination in light of this opinion.

## IV.    CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

Dated this 21st day of December, 2018.

_____
JAMES L. ROBART
United States District Judge